# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SANDRA G.,[1]      )
          )
    Plaintiff,   )
          )  **CIVIL ACTION**
**v.**         )
          )  **No. 18-1226-JWL**
**NANCY A. BERRYHILL,**  )
**Acting Commissioner of Social Security,** )
          )
    Defendant.  )
_____)


## MEMORANDUM AND ORDER


   Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

## I.  Background

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

Plaintiff argues that the ALJ erred when he accorded substantial weight to the opinions of certain medical sources but failed to include limitations opined by those sources in the residual functional capacity (RFC) assessed or to explain why he rejected those limitations.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's]

decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process--determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the

burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

## II.    Discussion

Plaintiff admits that the ALJ properly explained the amount of weight accorded to the medical source opinions.  (Pl. Br. 9).  She argues, however, that "the problem with [the] ALJ's decision is that he found opinions persuasive and consistent with the record but excluded material limitations within those decisions from the RFC."  Id.  She argues that the limitations which were erroneously excluded from the RFC assessed were Dr. Vitosh's and APRN (Advanced Practice Registered Nurse) Marshall's opinions that Plaintiff would miss work more than two days a month, Dr. Vitosh's opinion Plaintiff would be off-task 25% of a workday, and especially APRN Marshall's opinion of numerous moderate mental limitations.  Id. at 9-10.  Plaintiff concludes her argument that "the ALJ does not have to adopt an opinion, but he does have to explain why he ignored portions he did not include in the RFC."  Id. at 14.

The Commissioner argues that "the ALJ reasonably limited Plaintiff to a restricted range of light work," and substantial evidence supports that determination.  (Comm'r Br. 8).  She argues the mental RFC assessed is also supported by substantial evidence, id. at 9, and "this Court [sic] should not disturb the ALJ's decision upon appeal."  Id. at 10. She then argues that "Plaintiff's argument is based on a misinterpretation of how the ALJ

weighed the relevant opinion evidence" (Comm'r Br. 11) and ignores the ALJ's actual analyses of Dr. Vitosh's and APRN Marshall's opinions.  Id. at 11-13.  She argues that the evaluation of an "other medical source" opinion such as that of Ms. Marshall requires only that the "decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning."  Id. at 13 (quoting Soc. Sec. Ruling (SSR) 06-3p).  She concludes by arguing "the ALJ's decision reflects that the ALJ decided to attribute greater weight to the acceptable medical source opinions from Dr. Maxfield and Dr. Ogden, who both opined that Plaintiff was capable of performing full-time work without excessive absenteeism."  Id. at 14.

### A.    The Legal Standard Applicable

The court agrees with Plaintiff's statement of the standard applicable to this case. The Commissioner issued SSR 96–8p "[t]o state the Social Security Administration's policies and policy interpretations regarding the assessment of residual functional capacity (RFC) in initial claims for disability benefits."  West's Soc. Sec. Reporting Serv., Rulings 143 (Supp. 2018). The Ruling includes narrative discussion requirements for an RFC assessment.  Id. at 149.  The discussion is to cite specific medical facts and nonmedical evidence to describe how the evidence supports each conclusion, discuss how the claimant is able to perform sustained work activities, and describe the maximum amount of each work activity the claimant can perform.  Id.  The discussion must include an explanation how any ambiguities and material inconsistencies in the evidence were considered and resolved.  Id.  If the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why he did not adopt the opinion.  Id. at 150.

The RFC assessment is based on all the evidence of record and is an administrative assessment. SSR 96-8p, 1996 WL 374184 (Soc. Sec. Admin. July 2, 1996). It is the Commissioner's final responsibility to determine the RFC. 20 C.F.R. §§ 404.1527(e)(2), 404.1546. The ALJ's RFC, however, must be supported by the substantial evidence of record. Cowan v. Astrue, 552 F.3d 1182, 1190 (10th Cir. 2008). In addition to requiring an explanation regarding any material inconsistencies or ambiguities in the evidence, SSR 96-8p requires that "[i]f the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted." 1996 WL 374184 at *7. In Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. April 3, 2007), the Tenth Circuit explained that when an ALJ gives weight to an opinion, the ALJ must explain why he rejects some of the limitations in the opinion while adopting others. The court reiterated that the "ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Id.

B.  **The ALJ's Evaluation and Explanation**

In his step three analysis, the ALJ found Plaintiff's mental impairments do not meet or medically equal Listings 12.04 or 12.06, and noted that those findings are based in statements from Ms. Marshall; Dr. Ogden, a physician who treated Plaintiff at The Counseling Center at Mental Health Associates of South Central Kansas (hereinafter MHA); and Dr. Maxfield, the state agency psychologist who provided the psychiatric review technique form (PRTF) and Mental RFC assessment during the reconsideration evaluation. (R. 16). The ALJ evaluated the four broad mental functional areas and found

that Plaintiff has moderate limitations in understanding, remembering, or applying information; in interacting with others; and in concentrating, persisting, or maintaining pace; and she has only mild limitations in adapting or managing oneself.  Id. at 16-17.  In understanding, remembering, or applying information the ALJ noted Plaintiff has no real history of complaints and her mental status exams have been within normal limits, but "she may have some problems with pain that, in addition to her mood disorder and anxiety would cause <u>just more than mild</u> limitations, as noted by Ms. Marshall and Dr. Maxfield."  Id. at 16 (emphasis added by the court).  In interacting with others, the ALJ noted Plaintiff "has a history of problems with her family, but takes trips, family vacations, and interacts with her family regularly.  on a regular basis. [sic]  She has reported some irritability due to her combination of symptoms, and Ms. Marshall notes some moderate limitations in this area.  Taken together, these results support" finding moderate limitations.  Id. at 17.  He explained that in relation to concentrating, persisting, or maintaining pace, Plaintiff, "due to a combination of pain and mental health symptoms, has come [sic] problems in concentration and focus, as noted in her treatment notes, Ms. Marshall's statement, and Dr. Maxfield's ultimate conclusion.  After a review of the evidence, the undersigned concurs with these findings."  Id.  Regarding adapting or managing oneself, the ALJ noted Plaintiff "has not indicated any strong limitations in this area, and this [sic] there is no objective evidence to support a heightened level of restriction in this area.  However, there are, again, the pain problems that would cause some issues, and the claimant would have some mild limitations in this area."  (R. 17).

In his RFC analysis, the ALJ provided further explanation of the weight accorded

the medical source opinions, including those of Dr. Vitosh, Ms. Marshall, Dr. Ogden, and

Dr. Maxfield:

> A February 2015 medical opinion by Dr. Catherine Vitosh, M.D. and
> treating source indicates the claimant suffered from lumbar pain,
> headaches, and anxiety disorder, and that she was limited to a light
> exertional level, with severe postural limitations and an ability to stand for
> 4 hours total in 15 minutes increments. This opinion is given partial
> weight, as the light exertional level is in line with pain and back issues, but
> her postural limitations (cannot climb stairs, for example) are not as well-
> supported in the record, as well as her manipulative limitations (no
> evidence of any upper extremity issues was explained or supported). Given
> this, it is not a persuasive basis for a baseline to the claimant's functioning.

(R.20).

> Ms. Julie Marshall, APRN, and a treating provider for part of the claimant's
> clinical history, submitted a statement regarding the claimant's functioning
> in February 2015. While this is not a medical opinion, as APRN's are not
> acceptable medical providers for such, it is a statement from a mental health
> professional regarding the claimant's functioning. Ms. Marshall noted no
> more than moderate limitations, but mostly mild limitations. This opinion
> is supported by GAF scores and treatment notes for the period and is
> persuasive in terms of showing the claimant was not more than moderately
> limited in any area of mental functioning. It supports the above residual
> functional capacity.
>
> ***
>
> Dr. Heidi Ogden, M.D. opined in May 2017 that the claimant hat [sic] *no
> mental health limitations*, noting that this was the claimant's report to her at
> that time. (Exhibit 31F) Given the entirety of the evidence, it is clear that
> there are some mental health limitations from the claimant, but Dr. Ogden's
> statement, based on the claimant's report of her functioning just a few
> months prior to her hearing, and after she appealed her initial decision does
> show the claimant's testimony is not consistent with her reports to
> providers, nor is it consistent with the medical records from the period
> showing  moderate to near-mild levels of symptoms. While Dr. Ogden's
> opinion is based on claimant['s] reporting, and is not overall consistent with
> the claimant's functioning during the period, the claimant's statement does

show inconsistencies with testimony, with no worsening between the time of the statement and her hearing reported in the record.

Great weight is given to the opinion of Dr. Richard Maxfield, PhD, and state psychological consultant. He opined the claimant was limited to simple and intermediate level instructions, but could attend to simple workplace tasks. This is based on the combination of not only the claimant's mental health issues (moderate to mild) but also her occasional pain from her physical health symptoms, which is reflected as a concern in her mental health notes. (Exhibit 4A) The undersigned reflects these limitations above, finding them consistent with the claimant's reporting, as well as the earlier statement from her treating APRN. However, the claimant also has some social limitations, as evidenced by her anger, irritability and conflict issues, and although most of this is internal to her family, she also described some external issues. Out of an abundance of caution, and with a nod to her continued improvement and treatment, the undersigned adds some moderate social interactive limitations and reflects them above as well.

(R. 21-22) (italics in original).

## **C.    Analysis**

The ALJ accorded only "partial weight" to Dr. Vitosh's opinion and explained his bases for doing so. (R. 20). This fact reveals the fallacy in Plaintiff's argument. As Plaintiff acknowledged in her Brief, "The District of Kansas has often found remand necessary when the ALJ provided significant or substantial weight to an opinion, but then, without explanation, failed to include all of the doctor's limitations in the RFC." (Pl. Br. 11) (citing James v. Colvin, No. 13-1387-JWL, 2014 WL 6610308, at *3-4 (D. Kan. Nov. 20, 2014; Schmitt v. Colvin, No. 13-1129-SAC, 2014 WL 3519091, at *6-7 (D. Kan. July 16, 2014); Henderson v. Astrue, No. 11-2645-JWL, 2013 WL 141610, at *4 (D. Kan. Jan. 11, 2013); Lodwick v. Astrue, No. 10-1394-SAC, 2011 WL 6253799, at *4 (D. Kan. Dec. 13, 2011)). Moreover, Plaintiff noted a material difference in this

court's decision in <u>Frakes v. Berryhill</u>, No. 16-1066-JWL, 2017 WL 1354863, at *4 (D. Kan. Apr. 13, 2017) because in that case "the ALJ gave weight to only portions of the treating source opinion," whereas here he found Ms. Marshall's entire opinion credible, "agreed with Dr. Vitosh's opinion and was specific in the limitations he found inconsistent." (Pl. Br. 11-12).

In every case cited by Plaintiff in support of her argument, the ALJ accorded "substantial" or "significant" weight to the medical source opinion at issue, but appeared to reject certain of the opined limitations without explanation. Here, the opinion of no medical source was given "substantial" or "significant" weight, but Dr. Maxfield's opinion was given "great" weight. Plaintiff does not argue that certain limitations assigned by him were not accounted for in the RFC assessed.

The ALJ explained that Dr. Vitosh's postural and manipulative limitations are not well supported or explained and concluded that her opinion "is not a persuasive basis for a baseline to the claimant's functioning." (R. 20). He carefully noted that he found Ms. Marshall's opinions regarding Plaintiff's problems with pain "in addition to her mood disorder and anxiety would cause <u>just more than mild</u> limitations." (R. 16) (emphasis added). The ALJ recognized that Ms. Marshall assessed Plaintiff with "no more than moderate limitations, but <u>mostly</u> mild limitations." <u>Id.</u> at 21 (emphasis added). Moreover, he found the opinion persuasive only "in terms of showing the claimant was <u>not more than moderately limited</u> in any area of mental functioning." <u>Id.</u> (emphasis added). The ALJ explained why he did not accredit Ms. Marshall's limitations.

The court finds that in circumstances such as this where the ALJ has explained his bases for according lesser weight to the opinion of a medical source and where the ALJ has explained his bases for according greater weight to another medical source opinion, he need not express a particular basis for rejecting each limitation opined by a source to whose opinion he accorded lesser weight. As Plaintiff argues, SSR 96-8p requires an ALJ to explain why he did not adopt an opinion which conflicts with the RFC assessed. He has done so in this case, and more is not required. This is not a case where the ALJ accorded significant or substantial weight to the opinion of a medical source but ignored certain opinions of that source without explanation.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated May 31, 2019, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**